Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYAM TEHRANI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KIDDER MATHEWS OF CALIFORNIA, INC., a California corporation,<br><br>*Defendant*. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff Payam Tehrani ("Plaintiff Tehrani" or "Tehrani") brings this Class Action Complaint and Demand for Jury Trial against Defendant Kidder Mathews of California, Inc. ("Defendant" or "Kidder Mathews") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent to cellular telephone numbers that are registered on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Tehrani, for

this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Payam Tehrani is a resident of Woodland Hills, California.

2. Defendant Kidder Mathews is a California registered corporation that is headquartered in San Francisco, California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and the Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and makes calls from out of this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

2

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 3.8 billion robocalls were placed in December 2023 alone, at a rate of 121.6 million per day. www.robocallindex.com (last visited January 23, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Kidder Mathews of California, Inc. provides commercial real estate services throughout California.[3]

14. Defendant Kidder Mathews' employees place cold calls to generate business for its commercial real estate services.

15. As part of that cold calling, Defendant Kidder Mathews' employees leave pre-recorded telemarketing voicemails to consumers.

16. Consumers have reported pre-recorded calls/voicemails they received from Kidder Mathews online from the same phone number (949) 669-2897 that Kidder Mathews used to call the Plaintiff, including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://kidder.com/office-locations/san-francisco/

4

REVIEWS +19496692897

Did this number call you? ADD A REVIEW

Other *reported by anonymous*
don't know who this is *(robocall / recorded message)*                4 months ago

Advertising *reported by anonymous*
*(robocall / recorded message)*                                       4 months ago

Advertising *reported by anonymous*
*(robocall / recorded message)*                                       4 months ago

[4]

17. Defendant's employees do not obtain the appropriate consent before placing pre-recorded solicitation calls to cell phone numbers like the Plaintiff in this case.

18. In addition, Defendant's employees place unsolicited calls to consumers like the Plaintiff who registered their phone numbers on the DNC.

19. In response to these calls, Plaintiff Tehrani brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Classes and costs.

**PLAINTIFF TEHRANI'S ALLEGATIONS**

20. Plaintiff Tehrani is the sole owner and user of his cell phone number ending in 8101.

---

[4] https://directory.youmail.com/phone/800-215-1674

5

21. Plaintiff Tehrani registered his cell phone number ending in 8101 on the DNC on July 2, 2003.

22. Plaintiff Tehrani uses his cell phone number for personal use only as one would use a residential landline telephone number.

23. Plaintiff Tehrani's cell phone number has never been used for or advertised as a business number.

24. On November 6, 2023, Plaintiff Tehrani received an unsolicited call to his cell phone from the phone number 949-669-2897. The call was made by Francisco Williams, Vice President of Kidder Mathews, from 949-669-2897. This call was not answered but a pre-recorded voicemail was left stating:

> (Begins part of the way into the recording.) "This is Francisco Williams with Kidder Mathews. And the reason for my call is because we are reaching out to commercial real estate owners like yourself, to share with them market updates and give you guys a real pulse of what's really going on in the marketplace. We have up-to-date sales comps. We have up-to-date details about your properties, changes in the zoning for your region, and we'd love to connect with you to see how we can give you the updates and if you're interested, provide you a broker opinion of value to give you the updated status and updated valuation of your property. Feel free to give me a call back 213-308-6687. 213-308-6687. I look forward to hearing from you."[5]

---

[5] https://www.dropbox.com/scl/fi/5sfrzde28dg7go5oxzzbw/voicemail-10782629664.m4a?rlkey=xz9idvhixkh9jozmxw9dq5liv&dl=0

6

25. Francisco Williams "is a seasoned Vice President at Kidder Matthews…As a Vice President, he advises clients on acquisitions, dispositions, 1031 exchanges…"[6]



---

[6] https://www.linkedin.com/in/fwilliamsca/

7

> **Los Angeles, CA**
> **FRANCISCO WILLIAMS**, CCIM
> VICE PRESIDENT
>
> Contact
> T 213.225.7238
> C 213.880.8107
> francisco.williams@kidder.com
> 601 S Figueroa Street
> Suite 2700
> Los Angeles, CA 90017
>
> LIC N°
> 01979442
>
> Downloads
> vCard
> Bio
>
> [7]

26. On November 17, 2023, Plaintiff Tehrani received a 2nd unsolicited call from Kidder Mathews to his cell phone, from 949-669-2897. This call was not answered but a pre-recorded voicemail was left stating:

> (After 4 seconds of silence.) "This is Francisco Williams with Kidder Mathews. And the reason for my call is because we are reaching out to commercial real estate owners like yourself, to share with them market updates and give you guys a real pulse of what's really going on in the marketplace. We have up-to-date sales comps. We have up-to-date details about your properties, changes in the zoning for your region, and we'd love to connect with you to see how we can give you the updates and if you're interested, provide you a broker opinion of value to give you the updated status and updated valuation of your property. Feel free to give me a call back 213-308-6687. 213-308-6687. I look forward to hearing from you."[8]

---

[7] https://kidder.com/professionals/williams-francisco/
[8] https://www.dropbox.com/scl/fi/x0hfocgaf9hhdmxrmkaox/voicemail-10783554240.m4a?rlkey=c99n2m77voeqp7ii2yunit1zv&dl=0

8

27.   On December 4, 2023, Plaintiff Tehrani received a 3rd unsolicited call from Kidder Mathews to his cell phone, from 949-669-2897. This call was not answered but a pre-recorded voicemail was left stating:

> (After 6 seconds of silence.) "This is Francisco Williams with Kidder Mathews. And the reason for my call is because we are reaching out to commercial real estate owners like yourself, to share with them market updates and give you guys a real pulse of what's really going on in the market..."[9]

28.   Francisco Williams is Vice President at Kidder Mathews:



[10]

---

[9] https://www.dropbox.com/scl/fi/l1vubsilzegjf6lajiecf/voicemail-10783316768.m4a?rlkey=zf320yahljupt460k1fgs91yw&dl=0
[10] https://kidder.com/professionals/williams-francisco/

9

29. Plaintiff Tehrani believes the voicemails were pre-recorded because all 3 voicemails are identical in delivery and the words are the exact same.

30. All 3 voicemails were sent and recorded by the Vice President of Defendant.

31. Plaintiff never provided consent for Defendant Kidder Mathews to place pre-recorded calls to his cell phone number.

32. Prior to receiving the pre-recorded voicemails, Plaintiff Tehrani has never even heard of Kidder Mathews.

33. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Tehrani in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

34. Seeking redress for these injuries, Plaintiff Tehrani, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff Tehrani brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

10

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Kidder Mathews called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

36. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Tehrani anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

    (b)    whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

    (c)    whether the calls constitute a violation of the TCPA;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39.    **Adequate Representation**: Plaintiff Tehrani will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Tehrani has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Tehrani and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff Tehrani nor his counsel have any interest adverse to the Classes.

40.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable

to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Tehrani. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tehrani and the Pre-recorded No Consent Class)**

41. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

42. Defendant transmitted unwanted telephone calls to Plaintiff Tehrani and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

13

43. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

44. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tehrani and the Do Not Call Registry Class)**

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Tehrani and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

49. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Tehrani and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

50. As a result of Defendant's conduct as alleged herein, Plaintiff Tehrani and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff Tehrani requests a jury trial.

**PAYAM TEHRANI**, individually and on behalf of all others similarly situated,

DATED this 2nd day of February, 2024.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*